UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | | |
|---|---|---|
| ALLEN F. CAMPBELL, | : | |
| | : | Case No. 1:20-cv-473 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 7] |
| EGIDIJUS MARCINKEVICIUS, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This case arises out of a long-lived dispute involving the estates of Donald and Margaret Campbell.  Donald and Margaret had established separate *inter vivos* trusts—the "Donald Trust" and "Margaret Trust"—for the benefit of themselves and their descendants.[1]  This, and other cases, come from Plaintiff's disagreement with how Donald and Margaret's trusts were administered both during their lives and after their deaths.

Plaintiff Campbell is a beneficiary of the Margaret Trust but not the Donald Trust.[2]  Following Margaret's death in 2015, Plaintiff initially became the successor trustee of the Margaret Trust and the executor of Margaret's estate.[3]  While disentangling the respective trusts' property, Plaintiff claims he uncovered transactions that wrongfully enriched the Donald Trust to the detriment of the Margaret Trust, diminishing his inheritance.[4]

---

[1] Doc. 1 at 2–3.
[2] Doc. 7-11 at 6.
[3] Doc. 1 at 5.
[4] *Id.* at 5–15.

Case No. 1:20-cv-473
Gwin, J.

For years Plaintiff complained about this perceived wrong in Ohio court. On February 14, 2020, the Cuyahoga County Probate Court dismissed Plaintiff's wrongful transactions suit.[5] Plaintiff is currently appealing that order.[6]

Plaintiff filed suit in this Court on March 2, 2020, asserting fiduciary duty claims against Defendant, the current successor trustee of the Margaret Trust.[7]

On April 22, 2020, Defendant moved to dismiss Plaintiff's complaint, arguing that this Court is either without subject matter jurisdiction to hear this case, or, alternatively, that the Court should abstain from exercising its jurisdiction.[8] Plaintiff opposes.[9]

For the reasons presented below, the Court **STAYS** the proceedings pending full resolution of the probate action and any appeals. Further, the Court **DISMISSES AS MOOT** Plaintiff's motion for leave to file an overlength response, Defendant's motion to strike Plaintiff's response, Plaintiff's motion to disqualify Defendant's counsel, Defendant's motion for a protective order, and Plaintiff's motion requesting a teleconference.

I.      Background

Plaintiff Campbell is the son of Margaret Campbell.[10] Margaret was a trustee, successor trustee, and a beneficiary of a network of trusts that Margaret and her husband Donald created.[11] Among other assets, the trust owned securities and proceeds of two life insurance policies for Donald after his 2010 death.[12] The trusts were partners in the

---

[5] Doc. 7-11 at 9–10.
[6] Doc. 7-12 at 2.
[7] Doc. 1 at 21–22.
[8] Doc. 7.
[9] Doc. 8.
[10] Doc. 1 at 4.
[11] *Id.* at 2–3.
[12] *Id.* at 6–9.

Case No. 1:20-cv-473
Gwin, J.

Campbell Family Limited Partnership ("CFLP") and were subject to an agreement governing the distribution of trust asset revenues.[13]

When Margaret died on April 7, 2015, Defendant Campbell became the executor of Margaret's estate and Margaret Trust successor trustee.[14] In those executor and trustee roles, Plaintiff began review of Margaret Trust and CFLP records to identify Margaret Trust property.[15]

During this review, Plaintiff claims he discovered transactions involving Donald's life insurance proceeds, the trusts' securities assets, and expenditures for Margaret's elder care that violated the CFLP partnership agreement.[16] These transactions, Plaintiff says, wrongfully enriched the Donald Trust at the expense of the Margaret Trust, diminishing Plaintiff's Margaret Trust inheritance.[17]

Plaintiff Campbell pursued litigation over these transactions in Cuyahoga County Probate Court for nearly four years. Throughout the litigation, Plaintiff Campbell, formerly acting as Margaret Trust successor trustee, asserted breach of fiduciary duty, breach of contract, and unjust enrichment claims against Donald Trust affiliates.[18]

On September 14, 2017, Plaintiff resigned as the Margaret Trust successor trustee.[19] The Cuyahoga County Probate Court appointed Defendant in his place.[20]

---

[13] *Id.* at 6–7.
[14] *Id.* at 5.
[15] *Id.*
[16] *Id.* at 6–15.
[17] *Id.* at 15.
[18] Doc. 7-9 at 18–26.
[19] Doc. 7-11 at 11.
[20] *Id.*

-3-

Case No. 1:20-cv-473
Gwin, J.

On February 14, 2020, the probate court dismissed the Donald Trust lawsuit Plaintiff filed as Margaret Trust successor trustee.[21]  The Court held that Plaintiff Campbell now lacked standing to pursue his claims, as he had become merely a Margaret Trust beneficiary as a result of his successor trustee resignation.[22]

On March 2, 2020, Plaintiff filed suit in this Court against Defendant, the new Margaret Trust successor trustee.[23]  Plaintiff alleges that Defendant breached his Margaret Trust fiduciary duties regarding the Donald Trust transactions at issue in the probate suit.[24]

On March 10, 2020, Plaintiff appealed the probate court dismissal order.[25]  That appeal remains pending.[26]

On April 22, 2020, Defendant moved to dismiss Plaintiff's complaint, claiming that this Court is either without subject matter jurisdiction to hear this case, or, alternatively, that the Court should abstain from exercising its jurisdiction.[27]  Plaintiff opposes.[28]

## II.    Discussion

When a federal court shares concurrent jurisdiction with a state court, the federal court may abstain from exercising jurisdiction for judicial economy and federal-state comity purposes.[29]  But abstention is appropriate only in limited circumstances.[30]  Before abstaining, a federal court must conclude that the federally-filed case is parallel with a related state

---

[21] Doc. 7-11 at 9–10.
[22] *Id.*
[23] Doc. 1.
[24] *Id.* at 21–22.
[25] Doc. 7-12 at 2.
[26] *Id.*
[27] Doc. 7.
[28] Doc. 8.
[29] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).
[30] *Romine v. CompuserveCorp.*, 160 F.3d 337, 339 (6th Cir. 1998).

Case No. 1:20-cv-473
Gwin, J.

proceeding.[31]  If the federal and state actions are parallel, the court balances the *Colorado River* abstention factors.[32]

The Court concludes that Plaintiff's ongoing Ohio probate action is parallel with his federal action and that the *Colorado River* factors counsel the Court's abstention.

### A. Parallelism.

The *Colorado River* threshold question is whether the Plaintiff's federal action is parallel with a pending state action.[33]  Parallel actions need not be identical, only "substantially similar."[34]  Two actions may be parallel even though they involve differing parties, claims, or theories of recovery.[35]  So long as the federal and state actions involve the "same allegations as to the same material facts"[36] or "require determination of [common dispositive] issues,"[37] they are parallel.

Plaintiff Campbell's federal and Ohio cases are parallel.  Though Plaintiff here asserts a new claim against Defendant, who was merely an interested party in the Ohio litigation,[38] the suits are otherwise identical.

Both suits involve the administration of the Margaret and Donald Trusts around the time of Donald's death.  Both suits contest the validity of the same transactions involving the same Margaret Trust property. And both suits address the defendants' fiduciary duties regarding the wrongful transactions.  The sole difference is that Plaintiff sues individuals who were Donald and Margaret Trust fiduciaries at different times.

---

[31] *Id.*
[32] *Id.* at 340.
[33] *Bates v. Van Buren Township*, 122 F. App'x 803, 806 (6th Cir. 2004).
[34] *Romine*, 160 F.3d at 340.
[35] *Healthcare Co. Ltd. v. Upward Mobility, Inc.*, 784 F. App'x 390, 394–95 (6th Cir. 2019).
[36] *Romine*, 160 F.3d at 340.
[37] *Healthcare Co.*, 784 F. App'x at 394 (citing *Romine*, 160 F.3d at 340).
[38] Doc. 7-9 at 3.

Case No. 1:20-cv-473
Gwin, J.

The state and federal parallelism is clearest in Plaintiff's remedy requests.  In both suits, Plaintiff requests "restoration to the [Campbell Family Limited Partnership] of $1,323,451," a trust securities assets injunction, a full accounting order, imposition of a constructive trust, and dissolution of the Campbell Family Limited Partnership.[39]

The state and federal suits thus involve the "same allegations as to the same material facts"[40] and "require determination of [common dispositive] issues."[41]  They involve the same property of the same Ohio trusts during the same time.  The two suits are "substantially similar."[42]

B.  The *Colorado River* Factors.

Because the actions are parallel, the Court proceeds to the *Colorado River* test:

(1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.[43]

Only the second factor weighs against abstention, as the respective state and federal courthouses are close neighbors.

The remaining seven factors outweigh the lone defector.  Consider the first factor.  The Ohio probate court is exercising jurisdiction over the Margaret Trust.[44]  Yet, Plaintiff Campbell asks this Court to move, alter, or dissolve aspects of the Campbell family multi-

---

[39] *Compare* Doc. 1 at 23–24, *with* Doc. 7-9 at 27–28.
[40] *Romine*, 160 F.3d at 340.
[41] *Healthcare Co.*, 784 F. App'x at 394 (citing *Romine*, 160 F.3d at 340).
[42] *Romine*, 160 F.3d at 340.
[43] *Healthcare Co.*, 784 F. App'x at 395 (citing *Romine*, 160 F.3d at 340–41) (alterations omitted).
[44] Doc. 7-11 at 11.

Case No. 1:20-cv-473
Gwin, J.

trust framework. A state and federal court at loggerheads over this dispute's resolution could thus dispose of the same assets in conflicting ways. Such an outcome is anathema to "wise judicial administration" under *Colorado River*.[45]

The same is true of the third factor, avoiding piecemeal litigation, as the obligations of the Campbell family fiduciaries and the legitimacy of the Donald Trust transactions are best resolved in one place. So too with the fourth factor. The state case began more than three years ago.

The next three factors follow suit. This is an Ohio-law dispute, Plaintiff's interests can be protected in Ohio court, and the Ohio action has advanced to an appeal.

As for the eighth factor, Plaintiff's action here treads a fine line between a fiduciary duty suit and a decedent estate suit. While the former may be heard in federal court, the latter may not.[46] The Court believes that this suit's proximity to an exclusive state-law domain counsels abstention.[47]

The action is therefore stayed.[48] "If, at the conclusion of the [probate] action, 'any party still has a claim for which it is entitled to a federal forum, and it is not barred by *res judicata* or a similar doctrine, it may return to federal court.'"[49] The Court dismisses all pending motions. They may be raised again, if appropriate, once the stay is lifted.

---

[45] *Colo. River*, 424 U.S. at 818.

[46] *Osborn v. Griffin*, 865 F.3d 417, 434–35 (6th Cir. 2017) (citing *Marshall v. Marshall*, 547 U.S. 293, 310 (2006)).

[47] *Healthcare Co.*, 784 F. App'x at 396 (finding that the existence of concurrent jurisdiction weighs in favor of abstention) (quoting *Preferred Care of Del., Inc. v. VanArsdale*, 676 F. App'x 388, 397 (6th Cir. 2017)).

[48] *Bates*, 122 F. App'x at 808 (favoring stays over dismissal in cases of *Colorado River* abstention).

[49] *Firestone v. CitiMortg.*, No. 5:19-cv-1539, 2020 WL 3433296, at *6 (N.D. Ohio June 22, 2020) (quoting *Bates*, 122 F. App'x at 809).

Case No. 1:20-cv-473
Gwin, J.

### III.    Conclusion

For these reasons, the Court **STAYS** the proceedings pending full resolution of the probate action and any appeals.  Further, the Court **DISMISSES AS MOOT** Plaintiff's motion for leave to file an overlength response, Defendant's motion to strike Plaintiff's response, Plaintiff's motion to disqualify Defendant's counsel, Defendant's motion for a protective order, and Plaintiff's motion requesting a teleconference.

IT IS SO ORDERED

Dated:  October 13, 2020                              s/        James S. Gwin
                                                                        JAMES S. GWIN
                                                                        UNITED STATES DISTRICT JUDGE