UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------

ALLEN F. CAMPBELL,  :
:
    Plaintiff, : Case No. 1:20-cv-473
: OPINION AND ORDER
: [Resolving Docs. 34, 35, & 39]
v. :
:
EGIDIJUS MARCINKEVICIUS, :
:
    Defendant, :
-------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 13, 2020, this Court stayed Plaintiff's fiduciary duty claims against Defendant because of their close relationship to claims already pending in state court.[1] The state proceedings have now concluded, and Plaintiff moves to resume litigating his claims in this Court.[2] Defendant opposes, arguing that Plaintiff's claims are barred by the state court decision.[3] For the reasons stated below, the Court **LIFTS** the stay, **DISMISSES** Plaintiff's claims as barred by *res judicata*, and **DISMISSES AS MOOT** all other pending motions.

## I.     BACKGROUND

Plaintiff complains that his mother, as sole trustee and beneficiary of family trusts and partnerships, allocated life insurance proceeds and paid her living costs in a way that diminished Plaintiff's inheritance, while increasing Plaintiff's siblings' inheritance. In effect, Plaintiff asks this Court to undo his mother's actions and equally distribute the family assets among Plaintiff and his siblings.

---

[1] Doc. 29.
[2] Doc. 34.
[3] Doc. 36.

Case No. 1:20-cv-473
Gwin, J.

Plaintiff is the son of Donald and Margaret Campbell, both deceased. Donald and Margaret were also survived by other children, Plaintiff's siblings.

During their lives, Donald and Margaret established separate *inter vivos* trusts—the "Donald Trust" and "Margaret Trust."[4] Donald and Margaret each served as the initial trustees of their respective trusts.[5] Both trusts, in turn, were the sole members of the Campbell Family Limited Partnership, which established rules for distributing partnership assets between the member trusts.[6]

In 1997, while he was still alive, Donald Campbell named the Campbell Family Partnership as the beneficiary of his life insurance policy.[7] In 2010, Donald died, naming Margaret as the successor trustee of the Donald Trust; Margaret also remained the sole trustee and beneficiary of the Margaret trust.[8]

Because she was the sole trustee and beneficiary of both trusts, Margaret had plenary authority over the trust assets. Margaret remained the sole trustee and beneficiary of the Margaret Trust until her 2015 death.[9] During that time, Margaret chose to distribute over $500,000 of Donald Campbell's life insurance proceeds to the Donald Trust, at the expense of the Margaret Trust.[10] Margaret also drew exclusively from the Margaret Trust to pay her significant elder care expenses—totaling more than $500,000 from 2010 to 2015.[11]

---

[4] *Campbell v. Donald A. Campbell 2001 Trust*, Case No. 109585, 2021 WL 2012581, at *4 (Ohio Ct. App. 8th Dist. May 20, 2021).
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Doc. 1 at 15.
[11] *Id.*

-2-

Case No. 1:20-cv-473
Gwin, J.

Plaintiff also alleges that while his mother operated the Campbell Family Partnership and both the Donald and Margaret Trusts, his mother authorized other transactions that resulted in a larger Donald Trust at the expense of the Margaret Trust.[12] As a result of Margaret's actions, Plaintiff claims the Margaret Trust is approximately $1,300,000 short of the asset split required by the Campbell Family Partnership Agreement.[13]

Plaintiff is a beneficiary of the Margaret Trust but not the Donald Trust.[14] Plaintiff's siblings receive distribution under the Donald Trust.

Following Margaret's death in 2015, Plaintiff initially became the successor trustee of the Margaret Trust.[15] While disentangling the Donald and Margaret Trusts' assets, Plaintiff uncovered the transactions that he claims wrongfully enriched the Donald Trust to the detriment of the Margaret Trust.[16]

Acting as Margaret Trustee, Plaintiff filed various claims against the Donald Trust and associated parties in Ohio court, seeking restoration of the $1,300,000 to the Margaret Trust.[17] During the litigation, Plaintiff stepped down as Margaret Trustee, and Defendant was appointed as his replacement.[18] On February 14, 2020, because Plaintiff was no longer Margaret Trustee or a member of the Campbell Family Partnership, the Cuyahoga County Probate Court dismissed Plaintiff's claims for lack of standing.[19]

---

[12] *Id.*
[13] *Id.*
[14] *Campbell*, 2021 WL 2012581, at *5.
[15] *Id.* at *7.
[16] *Id.* at *5.
[17] Doc. 7-9 at 27–28.
[18] *Campbell*, 2021 WL 2012581, at *7.
[19] Doc. 7-11 at 4–10.

-3-

Case No. 1:20-cv-473
Gwin, J.

On March 2, 2020, after the unfavorable result in Cuyahoga County Probate Court, Plaintiff filed suit in this Court, challenging the same transactions Margaret made during her lifetime that reduced the Margaret Trust assets.[20] Although framed slightly differently, Plaintiff's state and federal suits share a common goal. The sole difference was that Plaintiff now sued as a Margaret Trust Beneficiary rather than Margaret Trustee. Plaintiff's federal suit sought to force Defendant, the new Margaret Trustee, to unwind the same transactions unfavorable to the Margaret Trust that were litigated in Cuyahoga County Probate Court.[21]

Around the same time, on March 10, 2020, Plaintiff appealed the Cuyahoga County Probate Court's adverse decision to the Ohio Court of Appeals.[22]

On October 13, 2020, on Defendant's motion, this Court stayed Plaintiff's federal claims pending resolution of his state appeal. Applying *Colorado River*, this Court found:

> Plaintiff Campbell's federal and Ohio cases are parallel. Though Plaintiff here asserts a new claim against Defendant, who was merely an interested party in the Ohio litigation, the suits are otherwise identical.
>
> Both suits involve the administration of the Margaret and Donald Trusts around the time of Donald's death. Both suits contest the validity of the same transactions involving the same Margaret Trust property. And both suits address the defendants' fiduciary duties regarding the wrongful transactions. The sole difference is that Plaintiff sues individuals who were Donald and Margaret Trust fiduciaries at different times.
>
> The state and federal parallelism is clearest in Plaintiff's remedy requests. In both suits, Plaintiff requests "restoration to the [Campbell Family Limited Partnership] of $1,323,451," a trust securities assets injunction, a full accounting order, imposition of a constructive trust, and dissolution of the Campbell Family Limited Partnership.

---

[20] *Compare* Doc. 1 at 23–24, *with* Doc. 7-9 at 27–28.
[21] Doc. 1 at 23–24.
[22] Doc. 7-11 at 2.

-4-

Case No. 1:20-cv-473
Gwin, J.

> The state and federal suits thus involve the "same allegations as to the same material facts" and "require determination of [common dispositive] issues." They involve the same property of the same Ohio trusts during the same time.
>
> \* \* \* \* \*
>
> The action is therefore stayed. "If, at the conclusion of the [probate] action, 'any party still has a claim for which it is entitled to a federal forum, and it is not barred by *res judicata* or a similar doctrine, it may return to federal court.'" The Court dismisses all pending motions. They may be raised again, if appropriate, once the stay is lifted.[23]

On May 20, 2021, the Ohio Court of Appeals affirmed the Cuyahoga County Probate Court's decision, stating:

> After Donald's death, both trust documents named Margaret as the primary beneficiary. This means that while Margaret was alive, both trusts' documents stated that all assets in the trusts were for her exclusive benefit. She was to receive any and all net income from the trusts, and she had sole discretion to distribute any and all principal to herself for her support, her health, her education, and her best interests. As sole trustee and beneficiary for both trusts, this made Margaret the sole interest holder in the [Campbell Family Partnership], giving her exclusive authority over all of its assets.
>
> All alleged injuries to [Plaintiff] were a result of the actions [Margaret] took from 2010 to 2015 as she chose how to use funds from among the Donald Trust, the Margaret Trust, and the [Campbell Family Partnership] to pay for things. Because Margaret had exclusive control over trusts and [Campbell Family Partnership] assets, she had the sole authority to decide what funds to use for what purpose. Therefore, Margaret could and did choose to pay for things like her living accommodations at the Judson Center from the Margaret Trust instead of from the Donald Trust. That was exclusively her prerogative. It is hard to comprehend the injury [Plaintiff] imagines the Margaret Trust could have suffered at the hands of the Donald Trust or as a partner in the [Campbell Family Partnership], when Margaret was the sole person making all the financial decisions for all three entities.
>
> Even more importantly to this analysis, [Plaintiff's] claimed injuries, as a beneficiary of the Margaret Trust, cannot truly have existed before Margaret's death in April 2015. This is because it was not until her death that any of her descendants would become entitled to any distributions from either of the trusts, and any distributions would be from whatever assets Margaret left in the trusts. "In situations where a trust beneficiary's interest does not vest until the

---

[23] Doc. 29 at 5–6, 8.

Case No. 1:20-cv-473
Gwin, J.

> settlor's death, because it is subject to defeasance prior to death (as here), courts have held that the beneficiary cannot maintain a cause of action based on events that occurred prior to the settlor's death." [Plaintiff] had no beneficial interest in any assets from the Margaret Trust until Margaret's death in 2015. There was nothing stopping Margaret from completely depleting the Margaret Trust before her death, leaving [Plaintiff] and the other beneficiaries with a vested interest in nothing. This is because [Plaintiff's] interest was not vested and was subject to defeasance prior to her death. As such, [Plaintiff] could not suffer any injury as beneficiary of the Margaret Trust for any payments she made with its funds prior to her death. Therefore, [Plaintiff] cannot maintain causes of action based on any events that occurred prior to Margaret's death because he is unable to satisfy the injury requirement for common law standing.[24]

On June 30, 2021, following the Ohio Court of Appeals ruling, Plaintiff moved to lift this Court's *Colorado River* stay and resume litigating his claims in this Court.[25] Plaintiff argues that the final result in the Ohio case has no preclusive effect on his ability to litigate in this Court.[26] Defendant disagrees and asks this Court to lift the stay for the limited purpose of dismissing Plaintiff's claims.[27]

## II.  DISCUSSION

*Res judicata*, literally meaning "a matter [already] judged," is a prudential doctrine that promotes judicial efficiency and protects successful litigants by barring duplicative litigation based on the same event.[28] When one court has already resolved the merits of a case, another court will not revisit them.[29] Courts will not entertain claims under the *res judicata* doctrine if the following factors exist:

---

[24] *Campbell*, 2021 WL 2012581, at *6–7.
[25] Doc. 34.
[26] *Id.*
[27] Doc. 36.
[28] *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979).
[29] *Id.*

-6-

Case No. 1:20-cv-473
Gwin, J.

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.[30]

Here, the parties do not dispute the second *res judicata* factor, as the state and federal cases in question share the same Plaintiff, and Plaintiff sues his replacement Margaret Trustee. Plaintiff, however, argues that the remaining three factors are not met because (1) the Ohio Court of Appeals decision was jurisdictional and therefore was not a final merits decision; and (2) this case involves a fiduciary duty claim against the successor Margaret Trustee rather than substantive claims against the Donald Trust and its administrators.

Regarding the final decision on the merits factor, Plaintiff is correct that jurisdictional decisions typically are not treated as *res judicata*.[31] Because different courts, especially state and federal courts, are subject to different jurisdictional limitations, one court finding it lacks jurisdiction over a case does not necessarily mean that another court lacks such jurisdiction.[32] Therefore, the same prudential concerns that warrant *res judicata* in the merits context generally do not apply.[33]

Plaintiff, however, misconstrues the Ohio Court of Appeals decision. Though the Ohio Court of Appeals repeatedly used the term "standing," the court reached the merits of Plaintiff's claims. Ohio courts apply a standing test akin to Article III's cases and

---

[30] *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).
[31] *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522–23 (6th Cir. 2004).
[32] *Id.*
[33] *Id.*

Case No. 1:20-cv-473
Gwin, J.

controversies requirement. Both standards require a concrete injury traceable to the Defendant's conduct and redressable by Plaintiff's requested relief.[34]

Here, there is no doubt that Plaintiff's inheritance was reduced by his mother's treatment of the life insurance and elder care transactions, a concrete monetary injury. That injury is traceable to Margaret's decisions as Margaret Trustee.

The true ground for the Ohio Court of Appeals decision is clearer in light of the Supreme Court's recent observation that courts sometimes conflate deficient Article III standing with simple weakness of the plaintiff's theory of recovery.[35] While courts often refer to both case deficiencies as "standing," lack of concrete injury is jurisdictional, while weakness of a recovery theory is a merits assessment.[36]

The Ohio Court of Appeals invoked standing in the latter, merits-based sense. Though Plaintiff's inheritance was diminished by his mother's actions, an Article III injury, the Margaret Trust assets were Margaret's sole property until her death.[37] Margaret therefore had complete discretion to spend the trust and partnership assets as she wished.

As the Ohio Court of Appeals explained, under Ohio law, a "beneficiary cannot maintain a cause of action based on events that occurred prior to the settlor's death."[38] Thus, while Plaintiff is impacted by his mother's actions regarding the trust assets, Ohio law does not give Plaintiff a cause of action to challenge her actions.[39]

---

[34] *ProgressOhio.org v. JobsOhio*, 13 N.E.3d 1101, 1104 (Ohio 2014); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).
[35] *Ariz. State Legis. V. Ariz. Independent Redistricting Com'n*, 576 U.S. 787, 800 (2015).
[36] *Id.*
[37] *Campbell*, 2021 WL 2012581, at *6–7.
[38] *Id.* at *7.
[39] *Id.*

Case No. 1:20-cv-473
Gwin, J.

The Ohio Court of Appeals decision does not depend on the different jurisdictional limitations governing state and federal courts. It is a rejection of Plaintiff's substantive right to recovery under Ohio law. Therefore, the Ohio Court of Appeals decision was a final decision on the merits for *res judicata* purposes.

The final two *res judicata* factors, both dealing with the similarity of issues presented in the two cases, also weigh in favor of barring Plaintiff's claims. Plaintiff's federal suit merely reframes his already-litigated Ohio claims against the Donald Trust administrators as fiduciary duty claims against Defendant, the new Margaret Trustee, for failure to investigate and pursue those same claims against the Donald Trust.[40]

But, as the Ohio Court of Appeals said, Margaret, as Margaret Trustee, could not have breached her fiduciary duty to herself as the sole Margaret Trust Beneficiary. It follows that Defendant, the successor Margaret Trustee, did not breach any fiduciary duty to Plaintiff by failing to pursue a meritless breach of fiduciary duty claim based on Margaret's actions.

Plaintiff's federal claims merely seek to relitigate the same issues already decided by the Ohio Court of Appeals. Plaintiff's claims are barred as *res judicata*.[41]

### III. CONCLUSION

For these reasons, the Court **LIFTS** the *Colorado River* stay and **DIMISSES** Plaintiff's claims. The case is hereby closed, and all other pending motions are **DISMISSED AS MOOT**.

IT IS SO ORDERED.

Dated: August 30, 2021      *s/      James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[40] Doc. 29 at 6; *compare* Doc. 1 at 23–24, *with* Doc. 7-9 at 27–28.
[41] *Bragg*, 570 F.3d at 776.

-9-